IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CASSIUS PICKETT, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 07-CV-98 (HL) |
| J. DARRELL HART, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion to Dismiss[1] and the plaintiff's Motion to Amend. The plaintiff filed this matter in August 2007, raising allegations that the defendants were acting with deliberate indifference to a serious risk of harm by placing plaintiff with a cellmate while he was confined in protective custody at Valdosta State Prison.

According to the allegations in plaintiff's complaint, on March 1, 2007, he filed an informal grievance because he was being forced to have a cellmate while being held in involuntary protective custody. Apparently after an initial cellmate was released from custody, another inmate was placed in the cell with plaintiff on March 4, 2007, despite plaintiff's

---

[1]On November 28, 2007, the undersigned converted defendants' Motion to Dismiss into a Motion for Summary Judgment, based on the attachment of matters outside the pleadings pertaining to defendants' allegation that the plaintiff has failed to exhaust certain portions of his claims under the PLRA. In a decision issued on June 20, 2008, the Eleventh Circuit held that exhaustion of administrative remedies is a matter in abatement and should be raised, or treated as raised, in a motion to dismiss rather than motion for summary judgment. *Bryant v. Rich*, 2008 WL 2469405 (11th Cir. 2008). The undersigned will address the exhaustion issues raised herein accordingly.

continued warnings to prison personnel, apparently as to the danger of any inmate placed in plaintiff's cell. On March 15, 2007, plaintiff filed a formal grievance regarding the perceived danger. That night, he was attacked by cellmate Gilley, who cut him in the back with a weapon. Upon plaintiff's return to the lockdown unit after receiving medical attention, plaintiff was again placed in a cell with a cellmate.

*Motion to Amend*

In his Motion to Amend, filed on October 22, 2007, prior to the filing of defendants' pre-answer Motion to Dismiss, the plaintiff apparently seeks to clarify the claims set out in his original complaint. The defendants address both the plaintiff's original and amended complaints in their Motion to Dismiss. Rule 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served". Inasmuch as responsive pleadings were not filed prior to the court's receipt of the plaintiff's motion, the court has no discretion to deny said motion to amend. Accordingly, said motion is hereby **GRANTED.**

*Motion to Dismiss*

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

*Exhaustion*

The defendants maintain that although the plaintiff did file informal and formal grievances

regarding his claims that he warned prison officials as to a threat of harm by placing a cellmate in his cell, he did not file a grievance regarding the more specific allegation in his amendment that he specifically informed defendants Hart and McLaughlin on March 12, 2007 that his cellmate had threatened his life but that these defendants refused to take action.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff clearly failed to grieve his claim that he specifically warned defendants Hart and McLaughlin as to the specific threat of harm from his cellmate and yet they refused to take action.[2]

---

[2]The court notes the Supreme Court's decision in *Jones v. Bock*, 127 S.Ct. 910 (2007), in which the court held that "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust'", and that, absent a requirement in the individual grievance procedure, the PLRA does not require a prisoner plaintiff to specifically identify each individual defendant in a previously-filed grievance(s). However, this clarification of the PLRA's requirements does not resolve the issue raised in defendants' Motion to Dismiss herein, as the plaintiff failed to actually grieve the claim that he had informed officials Hart and McLaughlin of a specific threat of harm from a specific inmate and was ignored. As set out in his grievances, Plaintiff's general claims of deliberate indifference to a serious threat of harm do not provide prison officials with enough

The court must conclude that this claim remains unexhausted, therefore barring a § 1983 action based thereon. *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

*Deliberate indifference*

The defendants also argue that plaintiff's claim that defendants violated his rights when they forced him to share his cell with another inmate in protective custody fails to present a claim for an Eighth Amendment violation. The defendants assert that "Plaintiff cannot state a failure-to-protect claim based on deliberate indifference because Defendants were not made subjectively aware of a risk of serious harm from a particular inmate nor was there any showing that Defendants' conduct, at most, amounted to more than just mere negligence." Document 24-2, p. 12.

In order to establish a claim of deliberate indifference to a serious risk of harm, a plaintiff must satisfy a two-step process. "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

---

information to place them "on notice of the claim" or to provide them with "opportunity to resolve whether the denial was improper before being haled into court." *Id.* at 914; *Daker v. Chatman*, 2007 WL 4061961 (N.D.Ga.).

substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 114 S. Ct. 1970, 1979 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Id. "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

According to the plaintiff's complaints and grievances, the plaintiff filed an informal grievance on March 1, 2007, followed by a formal grievance on March 15, 2007, in which he complained that he was being forced to have a cellmate while in protective custody. In his original complaint, the plaintiff states that "[t]he security staff of Valdosta State Prison allowed harm to happen to me after pre-notifying them of such danger in advance." In his amended complaint, the plaintiff states that he repeatedly informed the individual defendants of his fears of harm and requests to be moved to a cell without a cellmate, during the end of February and beginning of March, 2007. Although the plaintiff's claims of deliberate indifference to a serious threat of harm may ultimately fail against a properly supported summary judgment motion, at this stage of the proceedings, reviewing the defendants' Motion to Dismiss, the court cannot conclude that Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." "A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint." *Gantt v. City of Forsyth*, 2007 WL 2986406 (M.D.Ga.) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Qualified immunity*

Similarly, in regard to the defendants' argument that they are entitled to qualified immunity, the court cannot say at this juncture that the plaintiff can prove no set of facts in support of his claims of deliberate indifference that would entitle him to relief. "Under the qualified immunity defense, defendant[s] are immune from liability and even from trial if plaintiff's complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defendants, who assert the defense of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, "'are entitled to qualified immunity at this stage in the proceedings if [Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right.'" *Santamorena v. Georgia Military College*, 147 F.2d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

As set out by the Supreme Court in *Saucier v. Katz*, 121 S. Ct. 2151 (2001), "the first inquiry [in a qualified immunity analysis] must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered". *Id.* at 2155. The first portion of this inquiry requires that the court ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 2156. If the answer to this question is yes, then the next portion of the inquiry requires the court to ask whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*,

102 S. Ct. 2727 (1982).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'". *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." Id. at 2516.

In the context of the defense of qualified immunity asserted on a 12(b)(6) motion to dismiss, there must be a failure by the plaintiff to set forth a clearly established constitutional violation in order for the protection of qualified immunity to attach. Plaintiff's complaint clearly sets forth such violations, to wit, deliberate indifference to a serious threat of harm. In the context of the standard governing motions to dismiss, it remains possible for the plaintiff to prove that the defendants acted with deliberate indifference to a serious threat of harm. The court notes that

> [n]or may a prison official escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health, and it does not matter whether

7

> the risk comes from a single source or multiple sources, any more
> than it matters whether a prisoner faces an excessive risk of attack
> for reasons personal to him or because all prisoners in his situation
> face such a risk.

*Farmer*, 114 S.Ct. at 1982.

Although the result may be different on a motion for summary judgment, the standard governing motions to dismiss will not allow the conclusion at this point in the proceedings "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley*, 355 U.S. at 45-46 ; *Jackam*, 800 F.2d at 1579.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion to Dismiss be **GRANTED IN PART and DENIED IN PART**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND RECOMMENDED**, this 18th day of July, 2008.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE