**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| CASSIUS PICKETT, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 07-CV-98 (HL) |
| J. DARRELL HART, et al., | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this matter in August 2007, raising allegations that the defendants were acting with deliberate indifference to a serious risk of harm by placing plaintiff with a cellmate while he was confined in protective custody at Valdosta State Prison. According to the allegations in plaintiff's complaint, on March 1, 2007, he filed an informal grievance because he was being forced to have a cellmate while being held in involuntary protective custody. Apparently after an initial cellmate was released from custody, another inmate was placed in the cell with plaintiff on March 4, 2007, despite plaintiff's continued warnings to prison personnel, apparently as to the danger of any inmate placed in plaintiff's cell. On March 15, 2007, plaintiff filed a formal grievance regarding the perceived danger. That night, he was attacked by cellmate Gilley, who cut him in the back with a

weapon. Upon plaintiff's return to the lockdown unit after receiving medical attention, plaintiff was again placed in a cell with a cellmate.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The defendants have supported their motion for summary judgment with their affidavits, various portions of the Georgia Department of Corrections Standard Operating Procedures, and portions of the plaintiff's prison file.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer*

*v. Brennan*, 511 U.S. 825, 833-34 (1994).  In order to establish a claim of deliberate indifference to a serious risk of harm, a plaintiff must satisfy a two-step process.  "First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment."  *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). Secondly, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."  *Id.*  "Thus, to survive summary judgment on his section 1983, Eighth Amendment claim, [the plaintiff is] required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.*"  Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

According to the plaintiff's complaints and grievances, the plaintiff filed an informal grievance on March 1, 2007, followed by a formal grievance on March 15, 2007, in which he complained that he was being forced to have a cellmate while in protective custody.  In his original complaint, the plaintiff states that "[t]he security staff of Valdosta State Prison allowed harm to happen to me after pre-notifying them of such danger in advance."

Defendants' affidavit testimony establishes that the plaintiff was placed in involuntary protective custody on February 13, 2007, after the CERT team received and investigated an anonymous letter alluding to inmates, thought to be gang members, threatening harm to the plaintiff.

3

Neither the anonymous letter nor plaintiff identified any inmate by name or any particular threat of harm to the plaintiff.  Due to lack of cell space, plaintiff was placed in a cell with another inmate, and pursuant to Georgia Department of Corrections Standard Operating Procedures, plaintiff and his cellmate were similarly ranked in their mental status diagnostic scores.  Don Gilley was placed in a cell with plaintiff on March 4, 2007.  Both plaintiff and Gilley were Level III mental health inmates and defendants maintain that Gilley had never voiced or acted as a threat to the plaintiff or another inmate.  After being placed in a protective custody cell with a cellmate, plaintiff began to complain and file grievances regarding the presence of a cellmate.  According to the defendants' testimony and evidence, plaintiff did not name any specific inmate or cite a specific threat of harm; rather, he simply wished to be placed in a cell alone.

In response to the defendants' motion for summary judgment, the plaintiff, in an unsworn statement, argues that his March 15, 2007, grievance provided the defendants with notice that his life was in danger and that the defendants "forced" inmate Gilley into plaintiff's cell, showing that defendants had subjective knowledge of a substantial risk of harm to the plaintiff.  Plaintiff states that "[t]he defendants knew plaintiff was in involuntary protective custody due to a possible threat to his life by a group of gang members, thus the defendants knew or should have knew [sic] it would be unreasonable to allow other inmates to be placed in the cell with him especially in light that there's a large percentage of gang members and violent offenders at Valdosta State Prison."  Doc.  54, p.5, ¶ 25.  The plaintiff further states, without any additional support, that "inmate Don Gilley was forced in the cell with plaintiff with the knowledge that he and plaintiff had a conflict."  Doc.  54, p.8.

The plaintiff has failed to present sufficient evidence showing that he was both exposed to a substantial risk of serious harm and that the defendants subjectively knew about this risk and knowingly or recklessly ignored the risk.  *Farmer*; 114 S. Ct. at 1976; *Hale*, 50 F.3d at 1583.  "An

4

Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001). "[B]efore Defendants' awareness arises to a sufficient level of culpability, there must be much more than mere awareness of [an inmate's] generally problematic nature." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). In *Carter*, the prisoner plaintiff had complained to prison officials about being placed in a cell with a certain inmate. However, as in the present case, the plaintiff "never told [prison officials] that Plaintiff feared [his cellmate] or that [his cellmate had] clearly threatened Plaintiff." *Id.* Thus, the defendants were "unaware of a particularized threat or fear felt by Plaintiff in regards to rooming with [that particular cellmate]. *Id.* The clearly established facts herein show that the defendants did not possess knowledge of any kind of problem with inmate Gilley and had no specific knowledge of any threat posed by Gilley to the plaintiff. *See also McBride v. Rivers*, 170 Fed.Appx. 648 (11th Cir. 2006)(plaintiff had informed officials of past problems with cellmate, but did not identify a specific prior incident from which the defendants could infer that a substantial risk existed); *Newton v. Black*, 133 F.3d 301 (5th Cir. 1998)(defendant prison officials were not liable for failing to protect prisoner from attack by fellow inmate; prison guard did not suspect that inmate posed a substantial risk of harm prior to the attack); *Prater v. Dahm*, 89 F.3d 538 (8th Cir. 1996)(plaintiff did not allege facts from which an inference of substantial risk of harm could be made; plaintiff alleged only that fellow inmate had made threats against him).

Thus, the defendant prison officials's unrefuted testimony and evidence establishes that they had no subjective knowledge of a threat of harm against the plaintiff, and did not act in deliberate indifference to plaintiff's situation. Inasmuch as the plaintiff has failed to overcome the defendants'

5

summary judgment showing establishing the absence of support for his claims of constitutional violations, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

**SO RECOMMENDED**, this 27th day of January, 2010.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**